# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Paul Seeman and Lori Seeman, <br><br> Plaintiffs, <br><br> v. <br><br> Sergeant Mark Hlady; Deputy Tim Schmidtke; Sheriff Troy Dunn; Rice County, Minnesota; and Sheriffs' Deputy John Doe 1-10, <br><br> Defendants. | Case No. 19-CV-2111 (SRN/DTS) <br><br><br> **ORDER DISMISSING CASE** |

Paul Seeman, MCF-Moose Lake, 1000 Lakeshore Drive, Moose Lake, MN 55767; and Lori Seeman, 19486 Eiler Avenue, Faribault, MN 55021, pro se.

Margaret A. Skelton and Timothy A. Sullivan, Ratwik, Roszak & Maloney, P.A., 444 Cedar St., Suite 2100, Saint Paul, MN 55101, for defendants.

SUSAN RICHARD NELSON, United States District Judge

Defendants Tim Schmidtke and Mark Hlady, deputies of the Rice County Sheriff's Department, served divorce papers upon Joshua Leeseberg on August 5, 2013.[1] Leeseberg was staying at the home of plaintiffs Paul and Lori Seeman. In order to serve the papers upon Leeseberg, Schmidtke and Hlady accessed the Seemans' driveway, which extends approximately 1,200 feet from the public road to the Seemans' home.

---

[1] All factual allegations are drawn from the Complaint [Doc. No. 1] and are assumed to be true for purposes of this Order. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).

1

Schmidtke and Hlady noticed something while traveling up the driveway—a black and silver trailer. The Rice County Sheriff's Department, as luck would have it, had been investigating the disappearance of a trailer similar in description to that found on the Seemans' property. Schmidtke and Hlady left the residence without further investigating the matter, but not long after, Hlady returned. Upon returning, Hlady found that the trailer had been moved onto the driveway—and Hlady also found that he could see the trailer from the public road alongside the Seemans' property. Hlady photographed the trailer and, with those photographs, procured a search warrant for the Seemans' property. Paul Seeman was later convicted in Minnesota state court on criminal charges related to the stolen trailer (as well as on multiple related and unrelated counts). *See State v. Seeman*, No. A22-1117, 2023 WL 8178144, at *1-2 (Minn. Ct. App. Nov. 27, 2023).

While those criminal proceedings were ongoing, the Seemans filed this lawsuit alleging that Schmidtke and Hlady had used the pretext of serving divorce papers on Leeseberg as a pretext for conducting an unlawful search of the Seemans' property. Defendants Schmidtke and Hlady; Troy Dunn (the Rice County Sheriff); and Rice County, Minnesota moved for judgment on the pleadings, arguing (among other things) that the Seemans' claims of an unlawful search had already been fully litigated in Paul Seeman's state-court criminal case. *See* Doc. No. 22. The Seemans did not file a timely response to the motion for judgment on the pleadings, but they did—belatedly—request that this lawsuit be stayed while the appellate process in Paul Seeman's criminal case played out. *See* Doc. No. 36. The request for a stay was granted.

This matter, and Defendants' motion for judgment on the pleadings, remained in abeyance for over three years. When the stay was lifted in April 2024, the Seemans were directed to file a response to the motion for judgment on the pleadings within 21 days. *See* Doc. No. 68. After that deadline passed, Paul Seeman, citing his incarceration, asked for an additional 60 days in which to prepare a response. *See* ECF No. 69. That request was granted, *see* ECF No. 72; the Seemans then had until June 28, 2024, in which to file their response to the motion. After that deadline passed, Paul Seeman requested *another* extension of the response deadline. *See* ECF No. 76. The Court again extended the response deadline, this time to July 24, 2024, but also stated that the deadline would not be extended again. *See* ECF No. 76.

No response to the motion for judgment on the pleadings was filed on or before July 24, 2024. Instead, one week after this final deadline had expired, Paul Seeman sought to have this matter stayed for a second time while he pursued post-conviction remedies in state court. *See* ECF No. 77. That motion was denied several weeks ago. *See* ECF No. 81. Nothing more has been filed by the Seemans in this lawsuit—including, most importantly, no response to the motion for judgment on the pleadings.

The failure to respond to the motion for judgment on the pleadings constitutes a waiver, and the motion could be granted on that basis alone. *See Hernandez-Diaz v. Experian Information Solutions, Inc.*, No. 22-CV-2218 (ECT/DLM), 2023 WL 3585855, at *2 (D. Minn. May 22, 2023); *Cox v. Harpsted*, No. 22-CV-0478 (PJS/DJF), 2022 WL 16541087, at *1 (D. Minn. Oct. 28, 2022). The Seemans have now had nearly five years in which to formulate a substantive response to the arguments raised in support of

3

defendants' motion. Time and time again, the Seemans have been given additional time in which to draft that response. Having failed to offer any substantive grounds upon which to oppose dismissal of their lawsuit, the Seemans may reasonably be interpreted as believing themselves to lack a basis upon which to oppose dismissal.

In any event, the Court has reviewed the arguments made by defendants in support of their motion for judgment on the pleadings and concludes that dismissal of this lawsuit is warranted for the reasons asserted by defendants. Specifically, the Court agrees that the Seemans are precluded by the doctrine of collateral estoppel from claiming that the actions of Schmidtke and Hlady on August 5, 2013, violated their constitutional rights.

"[F]ederal courts must give preclusive effect to state court judgments, and the scope of the preclusive effect is governed by the law of the state from which the prior judgment emerged." *Simmons v. O'Brien*, 77 F.3d 1093, 1096 (8th Cir. 1996). Under Minnesota law,

> [t]he application of collateral estoppel is appropriate where: (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Willems v. Commissioner of Public Safety*, 333 N.W.2d 619, 621 (Minn. 1983) (quotations and citations omitted). "When a federal constitutional issue is previously decided in a state criminal proceeding following a full and fair hearing, issue preclusion will therefore bar relitigation of that issue in a § 1983 action." *Simmons*, 77 F.3d at 1096.

4

The Court has very little difficulty finding that collateral estoppel precludes Paul Seeman from pursuing claims under § 1983 in this lawsuit. The conduct of defendants Schmidtke and Hlady was fully litigated in the state-court proceedings, where the officers were found not to have violated Paul Seeman's constitutional rights. *See* Affidavit of Margaret A. Skelton Ex. No. 4 [Doc. No. 25-1 at 69-70]; Ex. No. 6 [Doc. No. 25-1 at 82-83]. Those issues have reached final judgment on the merits—indeed, Paul Seeman's direct appeals have now fully concluded. *See generally Seeman*, 2023 WL 8178144, at *1-10. Paul Seeman was, of course, a party to his criminal prosecution. And Paul Seeman had ample opportunity to present his arguments in support of his contention that the actions of Schmidtke and Hlady violated his constitutional rights—the issue made its way before the trial court twice and was also presented to the Minnesota Court of Appeals, which rejected Paul Seeman's contention that his constitutional rights had been violated. *See id.* at *3; Affidavit of Margaret A. Skelton Ex. Nos. 4 & 6.

The analysis with respect to Lori Seeman is identical to that for Paul Seeman in all but one respect: Lori Seeman was not a party to the criminal prosecution. The Court therefore must determine whether Lori Seeman was "in privity" with Paul Seeman as a matter of Minnesota law for purposes of the collateral-estoppel analysis; if Lori Seeman was in privity with Paul Seeman, then she, too, is precluded from seeking relief under § 1983.

Privity, under Minnesota law, is a doctrine that recognizes that, in certain circumstances, a person or persons who are not parties to an action may nevertheless be connected to the matter such that any judgment will affect their own legal rights as if they

5

were parties. *Rucker v. Schmidt*, 794 N.W.2d 114, 118 (Minn. 2011). "'Privies' to a judgment are those who are so connected with the parties in estate or in blood or in law as to be identified with them in interest, and consequently to be affected with them by the litigation." *Id*. (quoting *Hentschel v. Smith*, 153 N.W.2d 199, 206 (Minn. 1967)). "Whether one is in privity with another depends on multiple factors, including fairness to the non-party, whether the non-party had control over the proceedings, whether the prior action affected the non-party's interests, and whether the actual party in the prior action sufficiently represented the interests of the present party." *Schumacher v. Halverson*, 467 F. Supp. 2d 939, 947 (D. Minn. 2006).

That Paul and Lori Seeman are husband and wife is not enough by itself to establish that they were in privity with one another for purposes of the unlawful-search claims raised in the complaint. *See Dart v. McGraw*, 283 N.W. 538, 539 (Minn. 1939). More important in this case is that Lori Seeman had an identical privacy interest as Paul Seeman with respect to the property where the search was conducted. *See Deli v. Hasselmo*, 542 N.W.2d 649, 657-58 (Minn. Ct. App. 1996). It is this relationship as joint residents of the property at issue that matters here. Lori Seeman's unlawful-search claim is exactly coterminous with Paul Seeman's claim; Lori Seeman's constitutional rights could not have been violated by the actions of Schmidtke and Hlady if Paul Seeman's constitutional rights were not also violated. Moreover, although Lori Seeman did not have control over the criminal proceedings against her husband, her interests were fairly represented in that proceeding by licensed counsel, who litigated the unlawful-search defense on behalf of Paul Seeman. If anything, Lori Seeman's interests were *better* served in the criminal

prosecution than in this lawsuit—for all intents and purposes, Paul Seeman (who is not an attorney) appears to have been litigating Lori Seeman's § 1983 claim on her behalf.

The Court concludes that Paul and Lori Seeman were in privity with one another for purposes of their claims arising under § 1983. Because Lori Seeman was in privity with Paul Seeman for purposes of her claims under § 1983, her claims are equally precluded by the doctrine of equitable estoppel. Accordingly, the § 1983 claims (Counts One and Two of the Complaint) as raised by both parties will be dismissed with prejudice.

Finally, the Seemans also each presented a claim (Count Three of the Complaint) of "infliction of emotional distress" arising under Minnesota state law. The Court does not have a basis for original subject-matter jurisdiction over the claim—no question of federal law is presented by the claim, *see* 28 U.S.C. § 1331, and the Seemans do not allege that they are of diverse citizenship from each of the defendants to this action, *see* 28 U.S.C. § 1332. District courts are directed not to exercise supplemental jurisdiction over state-law claims where, as here, all federal-law claims have been dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). The Court therefore will not exercise supplemental jurisdiction over the Seemans' state-law claim and will instead dismiss that claim without prejudice. Defendants' motion for judgment on the pleadings is granted, and this case is dismissed in its entirety.

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendants' motion for judgment on the pleadings [Doc. No. 22] is **GRANTED**.

2. This matter is **DISMISSED** as follows:

    a. Counts One and Two of the Complaint are **DISMISSED WITH PREJUDICE**.

    b. Count Three of the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 11, 2024　　　　　　　　　　/s/ Susan Richard Nelson
　　　　　　　　　　　　　　　　　　　　　　　SUSAN RICHARD NELSON
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge